**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAQUEL CARVAJAL LIRA, | No. 07-71024 |
| Petitioner, | Agency No. A075-196-589 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Raquel Carvajal Lira, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for adjustment of

status and pretermitting her application for cancellation of removal. We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, including claims of due process violations in immigration proceedings, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009), and review for abuse of discretion the denial of a motion for remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  We deny the petition for review.

The IJ properly denied Lira's application for adjustment of status on the ground that she did not have an approved I-130 visa petition.  *See* 8 U.S.C. § 1255(a)(3); 8 C.F.R. § 1245.2(a)(2)(i)(B).  Moreover, Lira's husband's withdrawal of the I-130 visa petition comported with the requirements of 8 C.F.R. § 205.1(a)(3)(i)(A), and the record does not support the contention that Lira's husband filed the withdrawal through coercion.

Contrary to Lira's contention that the IJ violated due process by denying her the opportunity to testify regarding hardship, the cancellation proceedings were not "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case."  *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted); *see also Barron v. Ashcroft*, 358 F.3d 674, 676 n.2 (9th Cir. 2004).  Moreover, Lira failed to demonstrate that additional testimony may have affected the outcome of the proceedings.  *See Colmenar*, 210 F.3d at 971 (requiring prejudice to prevail on a due process challenge).

07-71024

The BIA did not abuse its discretion in denying Lira's motion to remand for further cancellation proceedings. *Cf. Movsisian*, 395 F.3d at 1098 (BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law") (citation omitted).

**PETITION FOR REVIEW DENIED.**